UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Patrick Rivard</u>

    v.                              Case No. 13-cv-209-SM
                                        Opinion No. 2014 DNH 076

<u>Theodore B. Lachman, and</u>
<u>Internal Credit Systems, Inc.</u>

**O R D E R**

Plaintiff, Patrick Rivard, brings this case against Internal Credit Systems, Inc., a debt collection agency, and its president and registered agent, Theodore Lachman, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and state statutory and common law. Before the court is defendant Lachman's motion to dismiss for insufficient service of process (document no. 9). The motion is denied for the reasons that follow.

**Background**

Rivard filed his complaint on April 30, 2013. Alleging that defendants were evading service, Rivard filed a timely motion for an extension of time to effect service or for an order "ratifying," as alternative service under the New Hampshire's long-arm statute, service on Lachman's abode. By order dated August 22, 2013, the court denied Rivard's request that the court "ratify" Rivard's irregular alternative service on defendants,

noting that alternative service under New Hampshire's long-arm statute must be authorized by <u>prior</u> court order.  The court, however, granted Rivard a sixty-day extension, until October 26, 2013, to effect service in accordance with the requirements of Fed. R. Civ. P. 4.

Rivard successfully served the corporate defendant but was unable to serve Lachman.  As supported by affidavit, Lachman appears to have gone out of his way to evade service and has admitted as much in phone conversations with Rivard's office staff, having stated, among other things, "Good luck getting me served."  Mathews Aff. (document no. 12-3).

Prior to the extended service deadline, counsel representing both Lachman and the corporation filed an appearance and requested, by assented-to motion, that defendants be given an extension of time to file an answer or a motion under Rule 12(b).  The court granted the extension.  Rivard believed that Lachman had voluntarily submitted himself to the court's jurisdiction, thereby waiving any objections to insufficiency to service.  Pl. Br., doc. no. 12, at 3.  He reasoned that it would, therefore, "be unnecessary to move for additional time to continue the several months long game of cat and mouse."  <u>Id</u>.

Rivard was mistaken in his view of the law[1] and Lachman's intentions.  One month later, Lachman filed a motion to dismiss under Rule 12(b)(5) for insufficient service of process, which is now before the court.

Rivard opposes the motion, making much of the fact - not denied by Lachman - that Lachman has been actively evading service.  Lachman, for his part, stresses the fact that Rivard has been sitting on his hands, not taking the opportunity to seek a second extension of time or an order allowing alternative service.

Lachman, of course, has a point.  Rivard is an attorney whose education and experience includes familiarity with procedural matters and the importance of proactively pursuing an order for alternative service or a second extension of time to effect service.  On top of that, Rivard is represented by legal counsel in this lawsuit.  But neither Rivard nor his counsel has acted in bad faith and their conduct does not constitute inexcusable neglect.  In fact, Rivard has asked, albeit not proactively but in the course of objecting to Lachman's motion to dismiss, for an order allowing alternative service and for time

---

1 Contrary to Rivard's belief then and now, Lachman did not waive his objection to the sufficiency of service by filing a motion to extend the time in which to file his answer or a 12(b) motion.  See Mann v. Castiel, 681 F.3d 368, 374, (D.C. Cir. 2012).

to "complete service on the defendant."  Pl. Br., doc. no. 12, at 4, 5.

In making those requests in his brief in opposition to Lachman's motion, Rivard ignores our local rule specifying that "[o]bjections to pending motions and affirmative motions for relief shall not be combined in one filing."  L.R. 7.1(a)(1). The court, nevertheless, will entertain Rivard's requests because the fully-briefed arguments on Lachman's motion to dismiss are relevant to - indeed, are wholly intertwined with - whether Rivard should be given a final opportunity to effect service of process on an uncooperative defendant.

An order for alternative service is appropriate in these circumstances.  The procedures and methods for service of process, as set forth in Rule 4, include, but are not limited to, options provided for under the relevant laws of the state in which the federal court is located.  See Fed. R. Civ. P. 4(e)(1). New Hampshire's long-arm statute provides for alternative service by court order "as justice may require" when "the notice and a copy of the process are not delivered to or accepted by the defendant."  N.H. Rev. Stat. Ann. ("RSA") 510:4.  Those circumstances are present here.  Rivard attempted to serve notice and a copy of process both before and after the court's August 22, 2013, order.  Here, "justice require[s]" that alternative service be authorized.  Rivard's sworn affidavit, and the

attendant circumstances strongly suggest that Lachman is actively and consciously evading service of process.

An extension of time to accomplish service is, granted. Although "good cause" probably exists to warrant a mandatory extension of time under Rule 4(m), the court need not reach that issue because Lachman's evasions easily support a discretionary extension. See Colby v. Town of Henniker, 2001 WL 274780, at *4 (D.N.H. Feb. 15, 2001) (courts "have discretion to grant a plaintiff additional time to complete service of process even if he cannot satisfy the 'good cause' standard" of Rule 4(m)) citing Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995) ("'Relief may be justified . . . if the defendant is evading service.'") (quoting Rule 4(m) Advisory Committee Note).

## Conclusion

Defendant Lachman's Motion to Dismiss (document no. 9) is denied. Plaintiff's request for an order authorizing alternative service is granted. In keeping with the strict requirements of New Hampshire's long-arm statute, and notwithstanding that defendant Lachman has actual notice of the claims against him, plaintiff shall, within thirty (30) days, effect alternative service of process by mailing a copy of the complaint and summons via First Class mail (1) to Lachman's last-known address and (2) to the attorney who is representing Lachman in this lawsuit.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 21, 2014

cc: John F. Skinner, III, Esq.
    Donald C. Crandlemire, Esq.
    Dustin M. Lee, Esq.

6